IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD CHANEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 21-075-RAW-KEW |
| CHAD DENNIS, Warden, | ) ) ) |
| Respondent. | ) ) |

### OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's amended petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Reformatory in Granite, Oklahoma. He is attacking his convictions in Carter County District Court Case No. CF-2014-332 for nine counts of Possession of Juvenile Pornography. He alleges Oklahoma lacked jurisdiction to prosecute him, because he is an Indian and the crimes occurred in the Chickasaw Nation Reservation (Dkt. 8 at 5).

Respondent has filed a motion to dismiss, alleging Petitioner has failed to exhaust the state court remedies for his claim, and the petition is time-barred (Dkt. 11). "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Although Petitioner has filed

a rambling and repetitive 20-page response to Respondent's motion to dismiss, he presents nothing that could be construed as addressing his failure to exhaust the state court remedies for his habeas claim (Dkt. 13).

In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

There is an exception to the exhaustion requirement if exhaustion would be futile, but it is the petitioner's burden to so prove. *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citing *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981)). To prove exhaustion of the claim would be futile, Petitioner must show "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the

rights of the applicant." *Selsor*, 644 F.3d at 1026 (quoting 28 U.S.C. §§ 2254(b)(1)(B)(i), (ii)).

The record shows that on December 10, 2014, Petitioner was sentenced for his crimes pursuant to guilty pleas in Carter County District Court Case No. CF-2014-332 (Dkt. 12-1). On June 22, 2017, the Oklahoma Court of Criminal Appeals (OCCA) denied Petitioner's certiorari appeal and affirmed his convictions and sentences in Case No. C-2016-1171 (Dkt. 12-2).

On February 24, 2020, Petitioner filed an application for post-conviction relief in the Carter County District Court, raising his Indian Country jurisdictional claim (Dkt. 12-3). The state district court denied relief on March 2, 2020 (Dkt. 12-4).

On November 17, 2020, Petitioner filed a Petition in Error in OCCA Case No. PC-2020-835 (Dkt. 12-6). It was, however, untimely, and the OCCA dismissed the appeal for lack of jurisdiction on December 4, 2020 (Dkt. 12-7). The OCCA's Order Dismissing Appeal advised Petitioner that if he felt he was denied a post-conviction application through no fault of his own, he could seek the appropriate relief with the state district court. *Id*. at 2. (citing Rule 2.1(E)(3), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App.).

On February 8, 2021, Petitioner filed in the state district court an application requesting a post-conviction appeal out of time (Dkt. 12-5 at 21-22). According to the Oklahoma State Courts Network (OSCN) at http:www.oscn.net, there has been no ruling on

the application.[1]   Further, Petitioner has not petitioned the OCCA for a writ of mandamus concerning the lack of a ruling on his application requesting a post-conviction appeal out of time.  *See* Rule 10.1, *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App.

Because Petitioner still has the opportunity to receive an appeal out of time, which would permit the OCCA to address his jurisdictional claim, there remains an available state avenue of redress, and Petitioner must exhaust that remedy before proceeding with his federal habeas corpus petition.  *See* 28 U.S.C. 2254(c).  The Section 2254 exhaustion requirement contains no exception for jurisdictional claims.  *See Blanket v. Watkins*, 44 F. App'x 350, 351 (10th Cir. 2002) ("[The petitioner's] proffered reason for not exhausting--that the State . . . lacks jurisdiction over these claims--lacks merit."); *see also Largent v. Nunn*, No. CIV 20-683-J, 2020 WL 6734673, at *2 (W.D. Okla. Oct. 20, 2020) (collecting cases), *adopted*, 2020 WL 6731112 (W.D. Okla. Nov. 16, 2020).

Finally, the Court finds that dismissal of Petitioner's petition without prejudice, as opposed to a stay and abeyance, is the appropriate action in this instance.  In *Rhines v. Weber*, 544 U.S. 269, 277-79 (2005), the Supreme Court examined a "mixed petition," *i.e.*, a petition containing both exhausted and unexhausted claims, and determined that in limited circumstances a court can issue a stay and abeyance to allow a petitioner to exhaust his

---

[1] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net.  *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

claims in state court. The petition before this Court, however, is not a "mixed petition," because it contains no exhausted claims. *See Montgomery v. Garfield Cty. Jail*, No. CIV-13-1135-C, 2014 WL 174597, at *2 (W.D. Okla. Jan. 13, 2014) ("As the instant Petition is not a 'mixed petition,' the stay-and-abeyance procedure established in *Rhines* . . . is not appropriate."). In addition, Petitioner has not shown good cause for his failure to exhaust. *See Rhines*, 544 U.S. at 277 ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court..").

Because the petition should be dismissed for failure to exhaust, the Court does not reach Respondent's statute-of-limitations argument.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus for failure to exhaust state court remedies (Dkt. 11) is GRANTED, and Petitioner is DENIED a certificate of appealability. All remaining pending motions are DENIED AS MOOT.

**IT IS SO ORDERED** this 25th day of February, 2022.

Ronald A. White
United States District Judge
Eastern District of Oklahoma